## UNITED STATES ex rel. DAVIS v. NISS-LEY, Commanding Officer.

### No. 10913.

Circuit Court of Appeals, Ninth Circuit.

June 26, 1945.

Baker & Whitney and Harold E. Whitney, all of Phoenix, Ariz., and Clarence E. Rust, of Oakland, Cal., for appellant.

Frank E. Flynn, U. S. Atty., of Phoenix, Ariz., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Upon petition of Boyd B. Davis the writ of habeas corpus issued. After hearing on the joined issues the writ was dismissed, and petition was remanded. Petitioner appeals.

Appellant registered under the Selective Training and Service Act of 1940, 50 U.S. C.A.Appendix, § 301 et seq., hereinafter referred to as the Act. He was classified 1-A and regularly reported on March 4, 1941, at Fort Bliss, Texas. Appellant alleges that he has conscientious scruples against both combat and noncombat military service and made the same known to his Selective Training and Service Board, commonly referred to as the Local Board or Draft Board, and to "those in charge of the induction center." He further alleges that he was asked to take an oath of induction, but this he refused to do. He was ordered to report forthwith for duty as a member of the United States Army. The following is alleged in the petition: "I am now confined under the alleged authority of the Army at United States Army Advanced Flying School #4 at Luke Field, Arizona, in custody of John K. Nissley [respondent], Commanding Officer of said Army field, post or barracks."

The specific points presented are that appellant has not taken the oath of induction and that he has been denied due process in that he was classified by his Local Board as "1-A" notwithstanding he showed the Board that he was a conscientious objector to any kind of military duty, 50 U.S.C.A.Appendix, § 305(g).

In the course of the hearing on the writ and in voicing an objection to the admission of an exhibit, appellant's attorney stated the issues as he saw them, and as they were tried by the court, as follows: "* * * it [the proffered exhibit] does not prove or tend to prove the issue in this case, and that issue is, of course, whether or not the applicant took the * * * oath as required, and upon the further ground * * * that it [the habeas corpus petition] is an application to get [appellant] out of the Army on the ground he was not given the right to appeal by the Draft Board; * * *."

As authority for using the medium of habeas corpus to be released from his alleged illegal restraint, appellant relies upon the case of Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917. His premise is that if an inductee has refused to take the induction oath and has not voluntarily taken such oath, he may test the due process of the Selective Service Board proceedings by the civil writ of habeas corpus.

■ Upon the claim that appellant was denied his right of appeal from the Board's classification of his draft status, the only evidence introduced relating even remotely to it was appellant's own testimony, which is as follows:

"Q. Did you register as a conscientious objector? A. That is right, I tried to.

"Q. Thereafter, were you classified by the Draft Board? A. Yes, sir. * * * 1-A.

"Q. And did you ever take steps to appeal that classification? A. I went—they [the Draft Board] gave me a hearing and I went down there and they told me I just wanted to— * * * I just wanted to stay here and reap the fat of the land while the other boys went and fight.

"Q. Did you have a hearing? A. Well, a little hearing before a Local Board, yes."

The quoted testimony is no evidence whatever that appellant was denied an appeal or that he has ever made any effort toward securing an appeal.

Since the Selective Service Board within its jurisdiction and after a hearing classified appellant as "1-A," and since no appeal was taken, there was nothing to interfere with the regular process of induction. His physical examination over, the next step was the oath.

Appellant made practically his whole effort in the district court and here to have it decided that he did not take the oath of induction. He claims that when a number of inductees were being given the oath, he stepped well out of line, and that he did not take the oath. There was competent testimony upon the part of respondent-appellee that seventy-two inductees were placed in three lines, that it was the normal practice which was followed, and that a non-commissioned officer would be placed at the end of each line and non-commissioned officers immediately behind the rear line

while the oath was being given. A witness testified that each of the seventy-two held up a hand while the oath was being read. Three persons who were present at the ceremony testified that they saw no one step out of line. One witness made a significant answer to the query as to whether or not anyone stepped out of line. He said, "No, sir; they would have been pretty conspicuous if they had." The Master Sergeant in charge of the inductees stated that there were seventy-two men in that group who took the oath, that every one of those seventy-two men had his arm in the air because "we checked it," and again that "There was no way for a man not to take that oath when they stood in line at that time."

The main argument is that appellant testified directly as to his conduct when lined up for the taking of the induction oath, while the respondent's witnesses were indefinite and negative in their testimony upon the events of said occasion. The argument is not persuasive. It is, of course, significant that appellant made no move to show that he was not legally in the Army from the date of his induction until the date of the habeas corpus petition filing, that is, from March 4, 1941, until July 25, 1944. However, appellant did testify that he once mentioned to a captain something as to his conscientious scruples and as to his claim that he had not taken the oath. He contends he was ignorant of his rights until informed by the opinion in the Billings case, supra, which case was decided March 27, 1944.

Upon the quoted testimony it would have been gross abuse of discretion for the district court to have found for appellant upon this issue. There was other evidence than that mentioned herein, but the recital of more need not here be made.

We observe that no findings of fact are in the record, but no point is made of it, and the briefs of both parties treat the issue before us as supporting or opposing a finding that appellant had duly taken the oath of induction.

In this posture of the case there appears to be no usefulness in discussing phases of the Selective Service and Training Act and a citizen's right thereunder, which otherwise might well be pertinent. No other disposition of the case than that made by the trial judge would have been reasonable.

Affirmed.